Order, Supreme Court, New York County (Ellen Gesmer, J.), entered August 14, 2012, which, to the extent appealed from, upon renewal, granted plaintiffs motion to hold defendant in contempt of court for failing to comply with court orders relating to pendente lite financial obligations, and directed incarceration of defendant for the lesser of 60 days or until he pays the sum of $436,527.24, unanimously reversed, on the law, without costs, and the matter remanded for an evidentiary hearing on *568 defendant’s stated financial inability to comply with all of the obligations contained in the orders.
As a matter of due process, a hearing is required on a contempt motion that will result in incarceration when the party opposing the motion asserts a defense of financial inability to comply (see Domestic Relations Law § 246 [3]; Bergman v Bergman, 84 AD3d 537, 539 [1st Dept 2011]). Here, in opposition to the original contempt motion, defendant requested a hearing on his ability to pay, and submitted evidence to show that all of his income was going toward paying his monthly pendente lite obligations for spousal and child support, as well as the mortgage and virtually all expenses of maintaining the marital residence, tuition for the parties’ five children, and other expenses of the household. He asserted that he could not continue to meet those obligations and also comply with the portions of the prior orders requiring him to pay additional lump sum amounts, including over $262,000 to a contractor to make repairs to the marital residence and $150,000 to the wife’s attorney for interim legal fees. He submitted a statement of net worth showing assets worth about $1.5 million, which he contended had no ready market value, and asserted that, even if those assets could be sold, he then would have no income with which to satisfy his continuing support obligations. Defendant also submitted an affidavit of the family’s long-time accountant concerning defendant’s income and opining that defendant could not comply with the additional orders requiring the lump sum payments without liquidating all of his assets. Plaintiff responded that defendant was being deceitful and hiding assets and income that would enable him to comply, pointing to inconsistencies in his submissions and to his comfortable lifestyle.
Upon renewal, plaintiff requested a hearing in connection with her contempt motion, and argued that no means other than contempt were available to obtain satisfaction because defendant’s disclosed income was insufficient and he had no remaining assets that could be sequestered or used to satisfy a money judgment.
Since the issue of defendant’s financial ability to comply with all of the obligations imposed by the court’s orders turns on issues of credibility, which cannot be resolved on the face of the submitted documents, a hearing is required before a determination can be made. Concur — Andrias, J.P., Friedman, Acosta, DeGrasse and Freedman, JJ.